# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>            Plaintiff,<br><br>    v.<br><br>CLARK J. KELSO, et al.,<br><br>            Defendants.<br>_____/ | CASE NO: 1:10-cv-01184-LJO-GBC (PC)<br><br>ORDER TO SHOW CAUSE REGARDING THREE STRIKES<br><br>(Doc. 1) |

Charles Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on July 1, 2010. A review of the record of actions and appeals filed by Plaintiff in the United States District Court and in the Ninth Circuit reveals that Plaintiff filed three or more actions or appeals that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted.

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions and appeals count as strikes under

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes

1

section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice that Plaintiff has two prior actions dismissed for failure to state a claim for which relief can be granted under section 1983. Those cases are: *Davis v. Swartz, et al.*, 2:01-cv-00827-WBS-PAN (PC) (E.D. Cal.) (dismissed April 22, 2002, for failure to state a claim) and *Davis v. George*, 1:10-cv-00210-OWW-GSA (PC) (E.D. Cal.) (dismissed February 18, 2010, for failure to state a claim).

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g). However, a court is to carefully evaluate the substance of the dismissal and where the merits of the claim have been determined to be frivolous or malicious, it counts as a strike. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (interpreting the term "dismissed" under section 1915(g) to include when a trial court denies request to file an action without prepayment of the filing fee on the ground that complaint if frivolous and then subsequently terminates the complaint). Moreover, section 1915(e)(2) requires appellate courts to dismiss all appeals that are frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. 1915(e)(2); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007).

The Court takes judicial notice of appellate cases: *Davis v. Alameida, et al.*, No. 05-17055 (9th Cir. dismissed March 2, 2006) and *Davis v. Swartz, et al.*, No. 02-15969 (9th Cir. dismissed July 19, 2009). The Court finds that *Davis v. Alameida*, counts as a strike under Section 1915(g). In the underlying case, the magistrate judge determined that "[t]he complaint . . . [wa]s so prolix and obscure that the court [could]not reasonably discharge its responsibility under § 1915A(a) until plaintiff first satisfie[d] his own duty to comply with the pleading requirements set forth in Rule 8

---

or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

of the Federal Rules of Civil Procedure." *Davis v. Alameida, et al.*, 2:04-cv-00886-MCE-PAN (Doc. 18, March 9, 2005). After the Court instructed Plaintiff that the complaint did not comply with Fed. R. Civ. P. 8(a) and explained how to correct the deficiencies in the complaint, Plaintiff informed the Court that he did not intend to file an amended complaint. *Davis v. Alameida, et al.*, 2:04-cv-00886-MCE-PAN. In an order dated January, 26, 2006, the appellate court in *Alameida* denied Plaintiff's motion to proceed in forma pauperis, agreeing with the District Court that the appeal was not made in good faith, hence, frivolous. *See Davis v. Alameida, et al.*, No. 05-17055. Plaintiff did not pay the required filing fee and on March 2, 2006, Plaintiff's appeal was dismissed for failure to prosecute. *Davis v. Alameida, et al.*, No. 05-17055.

The appellate case in *Davis v. Swartz, et al.*, No. 02-15969 (9th Cir. dismissed July 19, 2002) is similar to *Alameida*. In the underlying trial case, after Plaintiff's complaint was dismissed with leave to amend and the Court explained what was required to state a cognizable claim, Plaintiff submitted an objection arguing why the original complaint stated a claim. *Davis v. Swartz, et al.*, 2:01-cv-00827-WBS-PAN (PC) (Doc.19, Findings and Recommendations at 3). Plaintiff then submitted an amended complaint which also failed to state a claim. *Davis v. Swartz, et al.*, 2:01-cv-00827-WBS-PAN (PC) (Doc.19). In the Findings and Recommendations, the Magistrate Judge also noted that the state court judgment that Plaintiff attached demonstrated "his inability or unwillingness to cure the defects pointed out to him in the state court's . . . order." *Davis v. Swartz, et al.*, 2:01-cv-00827-WBS-PAN (PC) (Doc.19 at 4). After the District Court dismissed the action for failure to state a claim, the Ninth Circuit, in its order dated June 14, 2002, denied Plaintiff's motion to proceed in forma pauperis, conforming with finding the appeal frivolous/failing to state a claim under 28 U.S.C. § 1915(e)(2). Since Plaintiff failed to timely submit payment for filing fee for his frivolous appeal, on July 19, 2002, the Ninth Circuit dismissed the case for failure to prosecute. *Davis v. Swartz, et al.*, No. 02-15969.

It appears to the Court that Plaintiff has three or more strikes and became subject to section 1915(g) on March 2, 2006, or at the latest, on February 18, 2010. Therefore Plaintiff would be precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury. Because Plaintiff has on three prior occasions brought

civil actions and appeals that have been dismissed as frivolous or for failure to state a claim, the Court HEREBY ORDERS:

> Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the abovementioned actions and appeals do not count as "strikes" under 28 U.S.C. § 1915(g) and why the Court should not revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice to allow Plaintiff to refile with the submission of the $350.00 filing fee.

IT IS SO ORDERED.

Dated: April 21, 2011

UNITED STATES MAGISTRATE JUDGE