UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>             Plaintiff,<br><br>       v.<br><br>CLARK J. KELSO, et al.,<br><br>             Defendants._____/ | CASE NO: 1:10-cv-01184-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO RECOMMENDING TO REVOKE IFP STATUS PURSUANT SECTION 1915(g)<br><br>(Doc. 4) |

**I.     Procedural History**

Charles T. Davis ("Plaintiff') is a state prisoner proceeding pro se and in forma pauperis ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on July 1, 2010. (Doc. 1). On April 22, 2011, the Court issued an Order to Show Cause as to why Plaintiff's IFP status should not be revoked pursuant to 28 U.S.C. § 1915(g). (Doc. 15). On May 4, 2011, Plaintiff filed a response. (Doc. 18). In its order dated May 10, 2011, the Court noted that Plaintiff correctly observed that *Davis v. Swartz, et al.*, 2:01-cv-00827-WBS-PAN (PC) (E.D. Cal.), did not count as a strike since it was removed from state court to federal court by defendants. (Doc. 20). Additionally in its order dated May 10, 2011, the Court stayed any decision regarding the Order to Show Cause since the appeal for *Davis v. George*, 1:10-cv-00210-OWW-GSA (PC) (E.D. Cal.), was still pending. (Doc. 20). On August 9, 2011, the appeal was affirmed in *Davis v. George*, 1:10-cv-00210.

///

**II.     Three Strikes**

      **A.     Plaintiff's Response to the Order to Show Cause**

In his response to the Court's order to show cause, Plaintiff presents several arguments as to why the Court's finding of strikes is incorrect in its order to show cause. (Doc. 18). Plaintiff correctly observes that *Davis v. Swartz, et al.*, 2:01-cv-00827-WBS-PAN (PC) (E.D. Cal.), does not count as a strike since it was removed from state court to federal court by defendants. (Doc. 18). As *Davis v. George*,[1] 1:10-cv-00210-OWW-GSA (PC) (E.D. Cal.), was still pending, the Court stayed its decision and on August 9, 2011, the appeal was affirmed in *Davis v. George*, No. 11-15759 (9th Cir. 2011) (unpublished). *Accord Davis v. George*, 1:10-cv-00210-OWW-GSA (PC) (E.D. Cal.) (Doc. 28). Plaintiff appears to argues that the underlying action of *Davis v. George*, 1:10-cv-00210 should not count as a strike since the trial court stated that the appeal was in good faith, however, the determination of frivolousness on appeal does not negate the substance of the underlying trial court finding and the Court is unpersuaded by this argument. (Doc. 18)

Next Plaintiff argues that the Court erred in finding that *Davis v. Alameida, et al.*, No. 05-17055 (9th Cir. dismissed March 2, 2006) and *Davis v. Swartz, et al.*, No. 02-15969 (9th Cir. dismissed July 19, 2009) counts as strikes under 28 U.S.C. § 1915(g). (Doc. 18). Plaintiff's cites to *Barela v. Variz*, 36 F.Supp.2d 1254 (S.D.Cal.,Feb 19, 1999), for the argument that the appeals cannot count as a strike, however, *Variz* does not support his argument. In *Variz* the court finds that merely affirming a dismissal does not make the appellate decision count as a strike. However, in this instance, the appellate cases *Davis v. Alameida, et al.*, No. 05-17055 and *Davis v. Swartz, et al.*, No. 02-15969 count as strikes because the Ninth Circuit independently concluded that the appeals were frivolous rather than merely affirmed the trial court decision. Plaintiff also argues that *Davis v. Kissinger*, 2:01-cv-1868 (Dismissed Mar. 2003), erroneously found the same appellate strikes, however, that contradicts the fact that appellate cases *Davis v. Alameida, et al.*, No. 05-17055 and *Davis v. Swartz, et al.*, No. 02-15969 were dismissed years after *Kissinger* was dismissed.

---

[1] It appears that Plaintiff believes that since in *Davis v. Kissinger*, No. 03-15660 (9th Cir. 2003), on June 11, 2003, the Ninth Circuit rejected the district court's finding that the appeal was not in good faith, that such finding supports the conclusion that the Court's current findings of strikes are incorrect.

2

Finally, Plaintiff asserts that he is in imminent danger of serious bodily injury. However, the Court previously addressed the claims he made regarding imminent danger and in its Findings and Recommendations (which were adopted by the District Court Judge (Doc. 26) and which interlocutory appeal was dismissed (Doc. 36), found that Plaintiff failed to state a claim and was not entitled to emergency injunctive relief. (Doc. 19 (Findings and Recommendations)). Therefore, based on the Court's original findings in its recommendations filed on May 10, 2011, the Court concludes that Plaintiff was not in imminent danger of serious bodily injury. (Doc. 19).

**B.    Analysis of Three Strikes**

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[2] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice that Plaintiff has one prior action dismissed for failure to state a claim for which relief can be granted under section 1983. *Davis v. George*, 1:10-cv-00210-OWW-GSA (PC) (E.D. Cal.) (dismissed February 18, 2010, for failure to state a claim), *affirmed by Davis v. George*, No. 11-15759 (9th Cir. Aug. 9, 2011).

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g). However, a court is to carefully evaluate the substance of the dismissal and where

---

[2] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

the merits of the claim have been determined to be frivolous or malicious, it counts as a strike. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (interpreting the term "dismissed" under section 1915(g) to include when a trial court denies request to file an action without prepayment of the filing fee on the ground that complaint if frivolous and then subsequently terminates the complaint). Moreover, section 1915(e)(2) requires appellate courts to dismiss all appeals that are frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. 1915(e)(2); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007).

The Court finds that *Davis v. Alameida, et al.*, No. 05-17055 (9th Cir. dismissed March 2, 2006) counts as a strike under Section 1915(g). In the underlying case, the magistrate judge determined that "[t]he complaint . . . [wa]s so prolix and obscure that the court [could]not reasonably discharge its responsibility under § 1915A(a) until plaintiff first satisfie[d] his own duty to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure." *Davis v. Alameida, et al.*, 2:04-cv-00886-MCE-PAN (Doc. 18, March 9, 2005). After the Court instructed Plaintiff that the complaint did not comply with Fed. R. Civ. P. 8(a) and explained how to correct the deficiencies in the complaint, Plaintiff informed the Court that he did not intend to file an amended complaint. *Davis v. Alameida, et al.*, 2:04-cv-00886-MCE-PAN. In an order dated January, 26, 2006, the appellate court in Alameida denied Plaintiff's motion to proceed in forma pauperis due to agreeing with the District Court that the appeal was not made in good faith, in other words, finding that the appeal was frivolous. *Davis v. Alameida, et al.*, No. 05-17055. Plaintiff did not pay the required filing fee and on March 2, 2006, Plaintiff's appeal was dismissed for failure to prosecute. *Davis v. Alameida, et al.*, No. 05-17055.

The appellate case in *Davis v. Swartz, et al.*, No. 02-15969 (9th Cir. dismissed July 19, 2009) is similar to *Alameida*. In the underlying case, after Plaintiff's complaint was dismissed with leave to amend and the Court explained what was required to state a cognizable claim, Plaintiff submitted an objection arguing why the original complaint stated a claim. *Davis v. Swartz, et al.*, 2:01-cv-00827-WBS-PAN (PC) (Doc.19, Findings and Recommendations at 3). The Plaintiff then

4

submitted an amended complaint which also failed to state a claim. *Davis v. Swartz, et al.*, 2:01-cv-00827-WBS-PAN (PC) (Doc.19). In its Findings and Recommendations, the Magistrate Judge also noted that the state court judgment that Plaintiff attached demonstrated "his inability of unwillingness to cure the defects pointed out to him in the state court's . . . order." *Davis v. Swartz, et al.*, 2:01-cv-00827-WBS-PAN (PC) (Doc.19 at 4). After the District Court dismissed the action for failure to state a claim, on June 14, 2002, the appellate court denied Plaintiff's motion to proceed in forma pauperis in conformity with finding the appeal frivolous/failing to state a claim under 28 U.S.C. § 1915(e)(2). Since Plaintiff failed to timely submit payment for filing fee for his frivolous appeal, on July 19, 2002, the appellate court dismissed the case for failure to prosecute. *Davis v. Swartz, et al.*, No. 02-15969.

After evaluating Plaintiff's arguments, the Court still finds that Plaintiff has at least three strikes and became subject to section 1915(g) well before Plaintiff filed this action on July 1, 2010. Therefore, as the Court finds that Plaintiff was not under imminent danger of physical injury at the time the complaint was filed, the Court recommends that Plaintiff should be precluded from proceeding in forma pauperis.

**III.   Conclusion and Recommendation**

As set forth herein, the Court HEREBY RECOMMENDS:

1. To REVOKE Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g);
2. To VACATE the Court's order on July 6, 2010 (Doc. 4), directing the Director of the California Department of Corrections and Rehabilitation or his designee to deduct the $350.00 filing fee from Plaintiff's trust account whenever the balance exceeds $10.00;

///
///
///
///
///

3. To require Plaintiff to pay the $350.00 filing fee in full within thirty (30) days or this action will be dismissed, without prejudice; and

4. To direct the Clerk of the Court to serve a copy of the order on (1) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division and (2) the Director of the California Department of Corrections and Rehabilitation via the court's electronic case filing system (CM/ECF).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 8, 2011

UNITED STATES MAGISTRATE JUDGE