# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLARK J. KELSO, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO: 1:10-cv-01184-LJO-GBC (PC)<br><br>ORDER DENYING MOTION TO PROCEED IFP ON APPEAL PURSUANT SECTION 1915(g)<br><br>(Doc. 45) |

　　　Charles T. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on July 1, 2010. Doc. 1. On October 19, 2011, the Court revoked Plaintiff's IFP status and ordered Plaintiff to pay the filing fee within thirty days of service of the order or the action would be dismissed without prejudice. Doc. 42. On November 22, 2011, the Court dismissed the action for Plaintiff's failure to comply with order to pay filing fee. Doc. 43.

　　　In its order revoking Plaintiff's IFP status the Court found Plaintiff was not entitled to proceed in forma pauperis in this action because he had three or more actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted and Plaintiff became subject to section 1915(g) well before Plaintiff filed the underlying action on July 1, 2010. Because Plaintiff is no longer proceeding in forma pauperis in this action in the district court, he is not entitled to proceed in forma pauperis on appeal unless authorized by the Court. Fed. R. App. P. 24(a)(3).

The Court finds that 28 U.S.C. § 1915(g) precludes Plaintiff from proceeding IFP on appeal. 28 U.S.C. § 1915(g). Section 1915(g) states:

> In no event shall a prisoner bring a civil action *or appeal* a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). As with the Court's finding in its order revoking Plaintiff's IFP status (Doc. 38; Doc. 42), Plaintiff fails to meet the imminent danger requirement. Therefore, Plaintiff's request to proceed IFP is prohibited by 28 U.S.C. § 1915(g).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking leave to proceed in forma pauperis on appeal, filed December 5, 2011, is DENIED;
2. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), this order shall serve as notice to Plaintiff and the United States Court of Appeals for the Ninth Circuit of the finding that Plaintiff is not entitled to proceed in forma pauperis; and
3. The Clerk of the Court shall serve a copy of this order on plaintiff and the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:     December 20, 2011

UNITED STATES MAGISTRATE JUDGE