# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS, | Case No.  1:10-cv-01184-LJO-SAB (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| CLARK J. KELSO, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I.

### PROCEDURAL HISTORY

Plaintiff Charles T. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  On October 19, 2011, after an order issued revoking Plaintiff's in forma pauperis status, this action was dismissed for Plaintiff's failure to pay the filing fee.  Plaintiff appealed the decision on December 30, 2011.  On March 25, 2013, the Ninth Circuit vacated and remanded because, although, Plaintiff has on three prior occasions had actions dismissed on the basis that they were frivolous, malicious, or fail to state a claim, the court did not assess whether Plaintiff's allegations that he faced serious imminent harm allowed him to proceed in forma pauperis in this action.  (ECF No. 56.)

On April 10, 2013, an order issued finding that Plaintiff had sufficiently alleged that he faced serious imminent harm and the order revoking Plaintiff's in forma pauperis status was

1

1   vacated.  The Ninth Circuit mandate issued on April 18, 2013.  On May 16, 2013, and May 28,

2   2013, Plaintiff filed a motion asking that the mandate be recalled because he was requesting a

3   hearing by an en banc panel.  On September 5, 2013, the Ninth Circuit issued an order denying

4   the petition for a panel rehearing.  Currently before the Court is Plaintiff's complaint, filed July 1,

5   2010.

## II.

### SCREENING REQUIREMENT

8       The Court is required to screen complaints brought by prisoners seeking relief against a

9   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

10  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

11  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

12  "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

13  1915(e)(2)(B).

14      A complaint must contain "a short and plain statement of the claim showing that the

15  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

16  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

17  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

18  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

19  that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v.

20  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

21      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

22  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

23  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

24  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

25  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

26  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

27  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

28  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

2

1    at 969.

2                                                  **III.**

3                            **COMPLAINT ALLEGATIONS**

4         Plaintiff is in the custody of the California Department of Corrections and Rehabilitation

5    ("CDCR") and is currently housed at the California State Prison, Los Angeles County.  Plaintiff

6    brings this action against Secretary of the CDCR Matthew Cate, Senior Psychologist C.

7    Silverstein, Warden James Yates, Chief Medical Officer Felix Igbinosa, and Federal Receiver

8    Clark Kelso alleging deliberate indifference to a serious risk of harm, breach of settlement

9    agreement, denial of single cell status, failure to accommodate under the American's With

10   Disabilities Act ("ADA"), unconstitutional policies, and state law claims.

11        Plaintiff alleges that he was transferred to Pleasant Valley State Prison ("PVSP") on single

12   cell status due to prior instances of "cell abuse from other inmates" because of his urine and fecal

13   incontinence.  (Compl. ¶ 1, ECF No. 1.)  Plaintiff was not given single cell status at PVSP despite

14   his objections.  Plaintiff contends that he notified Defendant Cate that his single cell status had

15   been fraudulently confiscated to save bed space and was repeatedly ignored with sham responses

16   from Defendant Cate's employees.  Plaintiff also requested help from Defendant Silverstein who

17   informed him that he would receive a hearing within ten days.  No hearing took place.  Plaintiff

18   informed the CDCR that inmates could not be threatened with confiscation of their property for

19   exercising their constitutional rights.  (Id. at ¶ 2.)

20        Plaintiff alleges he was transferred to PVSP without any prior warning from Defendants

21   Yates or Igbinosa that it was within the "endemic area" and that he should take precautions.

22   When Plaintiff discovered that he was housed in the endemic area he notified Defendant Yates

23   and Igbinosa that he wanted to be transferred before he got Valley Fever.  Plaintiff caught Valley

24   Fever and his depression, nerve pain, and back pain were aggravated.  The Valley Fever caused

25   Plaintiff excruciating pain and spasms.  (Id. at 3.)

26        Plaintiff is African American and claims that PVSP was informed that it needed to move

27   African Americans away from the endemic area.  Defendant Kelso was also aware of this.  (Id.)

28   Plaintiff also contends that Defendants Kelso and Igbinosa were aware that Dr. Ehrman refused to

                                                     3

1   provide Plaintiff medical care on July 17 and 18, 2008 and that Plaintiff had been scheduled to

2   see a Rheumatologist who refused to assist Plaintiff.  (Id. at 4.)

3           For the reasons set forth below, Plaintiff has failed to state any cognizable claims for

4   relief.   Plaintiff shall be given the opportunity to file an amended complaint curing the

5   deficiencies described by the Court in this order.  In the paragraphs that follow, the Court will

6   provide Plaintiff with the legal standards that appear to apply to his claims.  Plaintiff should

7   carefully review the standards and amend only those claims that he believes, in good faith, are

8   cognizable.

9                                        **IV.**

10                                   **DISCUSSION**

11       **A.      Defendant Liability**

12          Plaintiff states that he has intentionally left Dr. Ehrman out as a defendant because he is

13   basing his claims on supervisory liability.  Plaintiff brings these claims against the defendants in

14   their individual, official, enforcement and administrative capacities.  (ECF No. 1 at 18.[1])

15          Government officials may not be held liable for the actions of their subordinates under a

16   theory of respondeat superior.  Iqbal, 129 S. Ct. at 1948.  Since a government official cannot be

17   held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that

18   the official has violated the Constitution through his own individual actions.  Iqbal, 129 S. Ct. at

19   1948; OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012).   In other words, to

20   state a claim for relief under section 1983, Plaintiff must link each named defendant with some

21   affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

22          "The Eleventh Amendment bars suits for money damages in federal court against a state,

23   its agencies, and state officials acting in their official capacities."   Aholelei v. Dept. of Public

24   Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).   A suit brought against prison officials in their

25   official capacity is generally equivalent to a suit against the prison itself.  McRorie v. Shimoda,

26   795 F.2d 780, 783 (9th Cir. 1986).  Therefore prison officials may be held liable if "'policy or

27   ───────────────────

28   [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the
     CM/ECF electronic court docketing system.

                                          4

1  custom' . . . played a part in the violation of federal law."  McRorie, 795 F.2d at 783 (quoting
2  Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985).

3      Plaintiff fails to identify any policy or custom that played a part in depriving him of his
4  constitutional rights.  Accordingly Plaintiff fails to state an official capacity claim against any
5  named defendant.

6          **B.**     **Eighth Amendment Deliberate Indifference Claims**

7      Plaintiff alleges that Defendants Kelso, Igbinosa, and Yates were deliberately indifferent
8  in violation of the Eighth Amendment by "confiscating his single cell status" and transferring him
9  into the endemic area without warning him of the danger and in reckless disregard of the Grand
10 Jury recommendations.[2]   (ECF No. 1 at 5.)   To constitute cruel and unusual punishment in
11 violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary
12 infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

13     A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1)
14 "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'"
15 and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung,
16 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.
17 2002) (citation omitted)).  In order to find a prison official liable under the Eighth Amendment for
18 denying humane conditions of confinement within a prison, the official must know "that inmates
19 face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable
20 measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).

21          1.      Single Cell Status

22     Plaintiff claims that his single cell status was "confiscated" upon his arrival at PVSP.
23 Initially, to state a claim for deliberate indifference Plaintiff must allege sufficient facts to show
24 that he faced a substantial risk of serious harm.  Extreme deprivations are required to make out a
25 conditions of confinement claim, and only those deprivations denying the minimal civilized

26 _____
27 [2] Plaintiff has attached 151 pages of exhibits to his complaint and refers to multiple pages of the exhibits when
   referencing them in his complaint.  Where an exhibit consists of more than one page, Plaintiff must reference the
   specific page of the exhibit.  The Court declines to wade through Plaintiff's 151 pages of exhibits to determine if he
28 can state a claim.

1  measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment

2  violation.  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  Where

3  an inmate is challenging the conditions of confinement he must show there was a deprivation

4  "sufficiently serious" to form the basis of a violation and "the prison official acted "with a

5  sufficiently culpable state of mind."   Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006)

6  (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  The circumstances, nature, and duration of

7  the deprivations are critical in determining whether the conditions complained of are grave

8  enough to form the basis of a viable Eighth Amendment claim.  Johnson, 217 F.3d at 731.  In this

9  instance, Plaintiff's vague claims of "in cell abuse" are insufficient to show that he was at a

10  substantial risk of serious harm when he arrived or during his period of incarceration at PVSP.

11      Plaintiff's complaint fails to set forth sufficient factual allegations to show that any named

12  defendant was aware that Plaintiff was at a substantial risk of serious harm by revoking his single

13  cell status.  Plaintiff fails to state a claim based upon the denial of his request to be single celled.

14          2.      Exposure to Valley Fever

15      Plaintiff alleges that he was transferred to PVSP without prior notice that it was located in

16  an endemic area and subsequently was diagnosed with Valley Fever.  Plaintiff contends that

17  medical reports in the Grand Jury report informed the officials at PVSP to divert African

18  American inmates from the endemic area, and Defendant Kelso was also aware of this.

19      In his complaint, Plaintiff refers to the Grand Jury Report, however the cite he provided is

20  for the Stipulation for Injunctive Relief in Plata v. Brown, No. C01-1351 THE (N.D. Cal.).  The

21  Court assumes that Plaintiff's reference to the Grand Jury Report is a 2007-2008 Grand Jury

22  Report which discusses Valley Fever in the Coalinga area and is attached as an exhibit to his

23  complaint.  (ECF No. 1 at 138-188.)  This document does not address whether African American

24  individuals need to be diverted from the endemic area.  The document states that:

25          Local prison officials are well aware of [the Valley Fever] situation
            and have taken reasonable steps to identify and address the
26          problems associated with high-risk inmates.  Among other things, a
            statewide exclusion of inmates susceptible to coccidiomycosis
27          was expanded on November 20, 2007.

28  (Grand Jury Committee Report 148, ECF No. 1.)  The report identifies those at high risk of the

1   disease and being African American is not listed as one of the high risk groups, nor does

2   Plaintiff's complaint identify any condition that would identify him as a member of a high risk

3   group.  (Id. at 165.)

4       While the Court must assume that Plaintiff's factual allegations are true.  It is not required

5   to accept as true allegations that contradict exhibits attached to the complaint or allegations that

6   are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Daniels-Hall

7   v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  Nor does the fact that Plaintiff

8   ultimately contracted Valley Fever support a claim.  The complaint fails to show that any named

9   defendant was aware that Plaintiff was at a substantial risk of contracting Valley Fever.  The

10  complaint fails to state a cognizable claim based upon Plaintiff's transfer to or incarceration at

11  PVSP and his exposure to Valley Fever.

12          3.      Refusal to Provide Medical Care

13      Plaintiff alleges that Defendants Kelso and Igbinosa knew that Dr. Ehrman refused to

14  provide him with medical care on July 17 and 18, 2008, and that Plaintiff had been scheduled to

15  see a Rheumatologist who had refused to aid or assist him.  Plaintiff attaches a single page of a

16  document entitled Summary of Medical Care Improvements Required by the Settlement.  (ECF

17  No. 1 at 95.)  Deliberate indifference is a high standard and is shown where the official is aware

18  of a serious medical need and fails to adequately respond.  Simmons v. Navajo County, Arizona,

19  609 F.3d 1011, 1018-19 (9th Cir. 2010).  Further, a delay in treatment would not rise to the level

20  of deliberate indifference unless the delay causes substantial harm.  Hallett v. Morgan, 296 F.3d

21  732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v.

22  Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984).

23      Plaintiff is attempting to state a claim against these supervisory defendants based upon

24  their involvement in his prison grievance.   However, the prison grievance procedure does not

25  confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a

26  basis for liability under section 1983.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

27      The argument that anyone who knows about a violation of the Constitution, and fails to

28  cure it, has violated the Constitution himself is not correct.   "Only persons who cause or

1   participate in the violations are responsible.  Ruling against a prisoner on an administrative

2   complaint does not cause or contribute to the violation.  Greeno v. Daley, 414 F.3d 645, 656-57

3   (7th Cir.2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); see Owens v.

4   Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by

5   the First Amendment and do not by their very existence create liberty interests protected by the

6   Due Process Clause, and so the alleged mishandling of [an inmate's] grievances by persons who

7   otherwise did not cause or participate in the underlying conduct states no claim.").

8       Plaintiff's allegations that Defendants Kelso and Igbinosa were aware of Dr. Ehrman's

9   refusal to provide medical on two occasions and that the Rheumatologist refused to aid or assist

10  him, without more, are not sufficient to state a cognizable claim.

11      4.    Breach of Settlement Agreement

12      Plaintiff contends that Defendants Kelso and Igbinosa violated his rights under the Eighth

13  Amendment by refusing to have him treated by a rheumatologist in violation of an unspecified

14  settlement agreement.  The violation of consent decrees, settlements, or injunctions in other cases

15  does not provide liability in this action.  See Frost v. Symington, 197 F.3d 348, 353 (9th Cir.

16  1999); Coleman v. Wilson, 912 F.Supp. 1282, 1294 (E.D. Cal. 1995).  Such claims must be

17  pursued through the consent decree or class counsel.  Frost v. Symington, 197 F.3d 348, 358-59

18  (9th Cir. 1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D.

19  Cal. Sept. 17, 2002).

20      Although Plaintiff may be able to pursue damages claims under section 1983, Hiser v.

21  Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), Plaintiff's allegation that Defendants violated a

22  settlement agreement does not by itself, give rise to damages claims under section 1983 for

23  violation of the Eighth Amendment.  If Plaintiff desires to pursue damages claims, he must allege

24  facts that support the claim that specific defendants violated his rights under the Eighth

25  Amendment.  See Frost, 197 F.3d at 353 (district court characterized inmate's damages claim as

26  one alleging violations of his First Amendment rights as opposed to alleging a breach of consent

27  decree).  The conclusory allegations set forth in Plaintiff's complaint do not support such claims.

28  ///

1     5.     Policies Regarding Personal Property

2     Plaintiff contends that Defendant Cate and the CDCR violated the Eighth Amendment by

3     adopting California Code of Regulations Title 15, sections 3305(c), 3190(d)(a)(1)(m)(o)(p),

4     3191(c)(1)(2)(3)(4)(5)(d), and 3315(f)(m)-(p).[3]   Plaintiff states that these regulations are based

5     upon exaggerated and discriminatory security concerns.   Plaintiff claims that Sections 3191 and

6     3315 are irrational because no inmate wants to donate his personal property to CDCR.

7     Plaintiff fails to allege any facts to show that he was deprived of his personal property.

8     Nor does the complaint contain any factual allegations to show that the policies regarding inmate

9     property arise to the level of a deprivation denying Plaintiff of the minimal civilized measure of

10    life's necessities.   Accordingly, Plaintiff fails to state an Eight Amendment claim based upon the

11    Title 15 regulations regarding inmate property.

12    **C.     American With Disabilities Act and Rehabilitation Act**

13    Plaintiff contends that he has fecal and urine incontinence, diabetes, depression, Hepatitis

14    C, and Valley Fever.   Plaintiff claims that single cell status is necessary due to his incontinence

15    which causes him to be subjected to in cell abuse by other inmates.

16    Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act

17    ("RA") "prohibit discrimination on the basis of disability."   Lovell v. Chandler, 303 F.3d 1039,

18    1052 (9th Cir. 2002).   Title II provides that "no qualified individual with a disability shall, by

19    reason of such disability, be excluded from participation in or be denied the benefits of the

20    services, programs, or activities of a public entity, or be subject to discrimination by such entity."

21    42 U.S.C. § 12132.   Title II of the ADA applies to inmates within state prisons.   Pennsylvania

22    Dept. of Corrections v. Yeskey, 118 S. Ct. 1952, 1955 (1998); see also Simmons v. Navajo

23    County, Arizona, 609 F.3d 1011, 1021 (9th Cir. 2010).

24    To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a

25    qualified individual with a disability; (2) he was "excluded from participation in or denied the

26

27    [3] Based upon review of the 2009 California Code of Regulations, Sections 3190 and 3191 of Title 15 relate to the personal and religious property of inmates and Section 3315 relate to the withholding of property and privileges following a rule violation.  However, there is no section 3305 in the current or 2009 Title 15.

28

1   benefits of the public entity's services, programs, or activities, or was otherwise discriminated

2   against by the public entity;" and (3) "such exclusion or discrimination, or denial of benefits was

3   because of his disability." Simmons, 609 F.3d at 1021 (citations omitted).

4       "To state a claim under the Rehabilitation Act, a plaintiff must allege '(1) he is an

5   individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied

6   the benefits of the program solely by reason of his disability; and (4) the program receives federal

7   financial assistance.'" O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir.

8   2007).

9       1.   Single Cell Status

10      Plaintiff's allegations are insufficient to show that he is in need of single cell status

11  because of his disability.  Rather, Plaintiff's claim demonstrates that his request for single cell

12  status is because of his fear of being assaulted by other inmates.  Accordingly, Plaintiff fails to

13  state a claim under either the ADA or RA.

14      2.   De Facto Policy

15      For each form of relief sought in federal court, Plaintiff must establish standing.  Mayfield

16  v. United States, 599 F.3d 964, 969 (9th Cir. 2010), cert.denied, 131 S. Ct. 503 (2010).  This

17  requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and

18  particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be

19  fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable

20  judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct.

21  1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).  Plaintiff's

22  allegations regarding his medical conditions is insufficient to establish that he is covered under

23  the ADA and he does not have standing to challenge any allegedly de facto policy that violates

24  the ADA.

25      **D.   Conspiracy**

26      Plaintiff claims that Defendant Kelso conspired with Defendants Igbinosa and Yates to

27  retain him in the endemic area despite his requests to be transferred.  A conspiracy claim brought

28  under section 1983 requires proof of "'an agreement or meeting of the minds to violate

10

1   constitutional rights,'" <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2001) (quoting <u>United Steel</u>

2   <u>Workers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation

3   omitted)), and an actual deprivation of constitutional right, <u>Hart v. Parks</u>, 450 F.3d 1059, 1071

4   (9th Cir. 2006) (quoting <u>Woodrum v. Woodward County, Oklahoma</u>, 866 F.2d 1121, 1126 (9th

5   Cir. 1989)).

6       Although, for pleading purposes, the Court accepts as true the allegations in the

7   complaint, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

8   speculative level . . . ." <u>Twombly</u>, 127 S. Ct. at 1965 (citations omitted).  A plaintiff must set

9   forth "the grounds of his entitlement to relief[,]" which "requires more than labels and

10  conclusions, and a formulaic recitation of the elements of a cause of action . . . ." <u>Id.</u> at 1964-65

11  (internal quotations and citations omitted).

12      Plaintiff has not alleged any facts supporting the existence of a conspiracy between

13  Defendants Igbinosa, Yates, and Kelso.  Further, Plaintiff has not alleged facts demonstrating that

14  his constitutional rights were violated by any named defendant.  In order to state a cognizable

15  claim for relief for conspiracy, Plaintiff must establish that the named defendants conspired to

16  violate an underlying constitutional right.

17      **E.    State Law Claims**

18      Plaintiff alleges Defendants Cate, Yates, Kelso, and Igbinosa breached their affirmative

19  duties by housing him at PVSP without prior warning due to the CDCR's Chronic Healthcare

20  program to which he belongs and by refusing to summon him for medical care upon his reception

21  into PVSP claiming a breach of affirmative duties in violation of California Civil Code Section

22  3294(b)(3) and 1710(1)(2)(3). [4]  The California Tort Claims Act[5] requires that a tort claim against

---

23  [4] Plaintiff brings this action pursuant to California Civil Code Section 3345 which, as relevant here, only applies to
24  actions brought for the benefit of senior citizens or disabled persons to redress unfair or deceptive acts or practices.
    This section provides for treble damages in conjunction with an underlying cause of action involving "unfair
25  practices." <u>Hood v. Hartford Life and Acc. Ins. Co.</u>, 567 F.Supp.2d 1221, 1229 (E.D. Cal. 2008).  California Civil
    Code Section 1710 contains a definition of deceit.  Neither of these sections appear to be applicable to the claims
26  which Plaintiff alleges here.

27  [5] The Court recognizes that in <u>City of Stockton v. Superior Court</u>, 42 Cal.4th 730, 742 (Cal. 2007), California's
    Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act.
    However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here
28  refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010).   Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007).

To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act.  Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123.  "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action."  Bodde, 90 P.3d at 120.  If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to show he has complied with the requirements of the California Tort Claim Act.

Plaintiff alleges breach of an affirmative duty based upon California Government Code Sections 835(a)(b), 844.6(d), 845.6, and 814 within the meaning of 815 and California Civil Code 3345, 3294(a)(b)(e)(1)(2)(3), and 1710(1)(2)(3)(4).[6]  In the paragraphs that follow, the court will provide Plaintiff with the legal standards that appear to apply to the California state law claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

1.    Failure to Furnish or Obtain Immediate Medical Care

In order to state a claim under California Government Code Section 845.6, "a prisoner must establish three elements: 1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care."  Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006).  Liability for failure to obtain medical care is limited to serious and obvious medical conditions requiring immediate care.  Lawson v. Superior Court, 180 Cal.App.4th 1372, 1384-85 (App. Ct. 2010).  "[S]ection 845.6 provides both public entities and

---

[6] A public entity is not liable for an injury arising out of the act or omission of the entity or an employee unless provided by statute.  Cal. Gov. Code § 815.  Plaintiff brings a breach of duty claim based upon California Government Code Section 844.6(d) which states that this section does not exonerate a public employee from liability for an injury caused by the employee's negligent or wrongful act or omission.

employees immunity where they fail to furnish or obtain medical care for a prisoner, other than when the prisoner is in need of immediate medical care." County of Sacramento v. Superior Court, 8 Cal.3d 479, 483, n.3 (1972).

Plaintiff's medical issues are ongoing and his claims do not involve a situation which immediate care was required for a sudden serious medical need. For this reason, Plaintiff's section 845.6 claims fail as a matter of law.

2.      Dangerous Condition

Plaintiff alleges that the risk of Valley Fever is a dangerous condition for which Defendants are liable. Under California law,

> a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
>
> (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Cal. Gov. Code § 835.

However, section 844.6(c), is an exception to liability providing that a prisoner cannot recover from a public entity for an injury that was caused by a dangerous condition of public property. Hart v. Orange County, 254 Cal.App.2d 302, 306 (1967).

**F.      Joinder**

Finally, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v.

13

1  Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980).  Plaintiff is attempting to

2  bring claims regarding unrelated incidents in this complaint.  Only if the defendants are properly

3  joined under Rule 20(a) will the Court review the other claims to determine if they may be joined

4  under Rule 18(a), which permits the joinder of multiple claims against the same party.

5      In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this

6  action.  If Plaintiff does not do so and his amended complaint sets forth unrelated claims which

7  violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

8                                              **V.**

9                             **CONCLUSION AND ORDER**

10     For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

11  a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint

12  within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not

13  change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,

14  507 F.3d at 607 (no "buckshot" complaints).

15     Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

16  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

17  rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus

18  on the duties and responsibilities of each individual defendant whose acts or omissions are

19  alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.

20  1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to

21  relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

22     Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana,

23  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and

24  must be "complete in itself without reference to the prior or superseded pleading," Local Rule

25  220.

26     Based on the foregoing, it is HEREBY ORDERED that:

27     1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

28     2.     Plaintiff's complaint, filed July 1, 2010, is dismissed for failure to state a claim

                                             14

1          upon which relief may be granted under section 1983;

2     3.          Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

3          amended complaint; and

4     4.          If Plaintiff fails to file an amended complaint in compliance with this order, this

5          action will be dismissed, with prejudice, for failure to state a claim.

6

7

IT IS SO ORDERED.

8

9

Dated:   __**September 20, 2013**__

10          _____

UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28