UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARK J. KELSO, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-01184-LJO-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 65] |

　　　　Plaintiff Charles T. Davis is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On September 20, 2013, the Court dismissed Plaintiff's original complaint with leave to amend. Now pending before the Court is Plaintiff's first amended complaint filed on October 3, 2013.

**I.**

**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names Federal Receiver Clark J. Kelso, Secretary of the California Department of Corrections and Rehabilitation (CDCR) Matthew Cate, Warden James A. Yates, Chief Medical Officer Felix Igbinosa, and CDCR, as Defendants.

Plaintiff alleges that he was transferred to Pleasant Valley State Prison (PVSP) without any prior warning that it was within the "endemic area" containing Valley Fever[1] and that he should take precautions. Plaintiff is African-American and suffers from a "chronic" medical condition and claims

---

[1] Valley Fever, also known as coccidioidomycosis, is "'an infectious disease caused by inhalation of a fungus (Coccidioides) that lives in the soil of dry, low rainfall areas. It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds. There is no direct person-to-person transmission of infection.'" Plata v. Brown, No. C01-1351 TEH, 2013 WL 3200587, *2 (N.D. Cal. June. 24, 2013).

1  that PVSP was informed that it needed to move inmates, such as Plaintiff, away from the endemic
2  area.
3      Plaintiff contends the Grand Jury Reports (GJR) sent to Defendants Kelso, Yates, and Cate,
4  expressly stated that African-Americans are at a higher risk of Valley Fever compared to other
5  nationalities.  The GJR also found that inmates with diabetes have a 95% risk of contracting Valley
6  Fever or that the risk is three times greater than non-chronic inmates.
7      Because Plaintiff was not warned of Valley Fever prior to his transfer to PVSP, or upon
8  reception, he immediately filed a prison appeal to Warden James A. Yates and Felix Igbinosa
9  requesting a transfer to prevent contracting Valley Fever.  Plaintiff exhausted the administrative appeal
10 process to the third level of review and his request was disregarded despite the fact that he was a high-
11 risk African-American inmate with a chronic medical condition.
12     After Defendants Yates and Igbinosa failed to order Plaintiff's transfer, he wrote letters
13 directly to both of them informing them of the appeal number, and his need for transfer due to his
14 medical condition.  He then wrote directly to Defendants Cate and Kelso informing both of them of
15 the appeal and request to be transferred out of the endemic area before contracting Valley Fever.
16 Neither Defendant did anything in response.
17     Since Plaintiff was not transferred out of PVSP as requested, he contracted Valley Fever which
18 caused him to become very weak and tired, and he suffered extreme and severe physical pain in his
19 joints and spasms throughout his body, extreme coughing, aggravation of his back, legs, and foot pain,
20 emotional distress, skin discoloration, itching, and inability to sleep at night.
21     The GJR informed CDCR that their practice of transferring inmates who have never been
22 exposed to Valley Fever into the endemic area subjected them to an increased risk because their
23 immunity was too weak as compared to those who live in the surrounding areas and have already
24 developed an immunity to the disease.  Notwithstanding this information, the CDCR continued to, and
25 is continuing to transfer, unsuspecting inmates into the endemic areas that have chronic medical
26 conditions without warning.
27     In addition, during Plaintiff's stay at PVSP, before his exit, he personally witnessed prison
28 yard personnel direct prisoner workers on the yard crew to routinely disturb the dirt by digging holes

and taking no precautions to stop the spread of fungus by watering the ground or using anything else to stop its spread. Many times inmates have to lie face down in the dirt on the track when an alarm is activated. The GJR recommended ground cover to prevent the spread of the fungus but this is not done in practice.

## III.

## DISCUSSION

### A. Deliberate Indifference/Cruel and Unusual Punishment

Plaintiff alleges that Defendants Yates and Igbinosa acted pursuant to a policy and custom of transferring unsuspecting inmates into the endemic area without any warning in conscious disregard of the inmate's health and safety.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the "minimal civilized measure of life's necessities," and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard [] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

#### 1. Defendants Yates and Igbinosa

Plaintiff fails to state a cognizable Eighth Amendment claim against Defendants Yates and Igbinosa. First, Plaintiff fails to set forth any details as to the alleged policy and custom of transferring unsuspected inmates to the endemic area of PVSP. Second, Plaintiff fails to set forth sufficient details to establish that either Defendant "knew of and disregarded" a substantial risk to Plaintiff's health and safety. Although Plaintiff references the fact that he provided notice to these Defendants by way of the administrative appeal process, he fails to set forth sufficient details to establish such knowledge on

the part of either Defendant. Accordingly, Plaintiff will be given another opportunity to amend the claim, if he believes he can truthfully do so.

       2.      <u>Defendant Kelso</u>

Plaintiff contends that Defendant Kelso, Federal Receiver, had knowledge by way of the GJR that inmates with chronic medical conditions were being transferred into the endemic area without warnings. Defendant also had knowledge by way of a letter mailed directly to him from Plaintiff and the appeals process, indicating that Plaintiff was transferred into the endemic area without warnings. Plaintiff alleges the fact that he remained at PVSP and contracted Valley Fever demonstrates that this Defendant was deliberately indifferent to Plaintiff's Eighth Amendment rights.

Plaintiff is advised that Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e., that the condition poses an excessive risk of harm. See, e.g., <u>Smith v. Yates</u>, No. 1:10-cv-01088-AWI-GSA-PC, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing <u>King v. Avenal State Prison</u>, No. 1:07-cv-01283-AWI-GSA-PC, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); <u>see also</u> <u>Gilbert v. Yates</u>, No. 1:09-cv-02050 AWI-DLB-PC, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); <u>Willis v. Yates</u>, No. 1:08-cv-00125 OWW-SMS-PC, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009). Thus, Plaintiff cannot state an Eighth Amendment claim based solely upon mere exposure to, or contraction of, Valley Fever.

Moreover, even assuming that Plaintiff's allegations is true that he is an inmate identified at "high risk" for contracting Valley Fever, Plaintiff's factual allegations fail to demonstrate that Defendant Kelso had any personal knowledge of Plaintiff's condition, transfer, and retention at PVSP, and acted with "deliberate indifference" toward Plaintiff's health and safety. As with the prior claim, although Plaintiff references letters and the administrative appeals, he provides no factual details whatsoever as to the alleged knowledge imputed to Defendant Kelso. The mere fact of the existence of the GJR does not establish personal knowledge as to Plaintiff's circumstances as required by the

Eighth Amendment. In addition, the mere fact that Plaintiff contracted Valley Fever while housed at PVSP does not establish an Eighth Amendment violation. "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, not matter how severe the risk.'" Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 3. Defendant Cate

Plaintiff contends that Defendant Matthew Cate, Secretary of CDCR, willfully, maliciously, intentionally, knowingly, and in reckless disregard violated Plaintiff's Eighth Amendment rights. Defendant Cate was directly informed by letter and the appeals process of Plaintiff's "dilemma," and the GJR that transferring inmates that have no immunity to Valley Fever into an endemic area without warning created a serious and substantial risk of injury, and he refused to draw that inference. Not only did Defendant Cate disregard a risk of harm to Plaintiff personally, he knew that Defendants Yates and Igbinosa, through the appeals process, had created an atypical and significant hardship as a result of the ongoing custom, policy, and practice they knew would result in harm to Plaintiff.

As with the prior claim, although Plaintiff references letters and the administrative appeals, he provides no factual details whatsoever as to the alleged knowledge imputed to Defendant Kelso. The mere fact of the existence of the GJR does not establish personal knowledge as to Plaintiff's circumstances as required by the Eighth Amendment. In addition, the mere fact that Plaintiff contracted Valley Fever while housed at PVSP does not establish an Eighth Amendment violation. "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, not matter how severe the risk.'" Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### 4. Defendant CDCR

Plaintiff contends that the CDCR has been put on notice through the GJR that shipping unsuspecting inmates into endemic areas who have chronic medical conditions and no immunity to Valley Fever creates a serious and substantial irks to that group of inmates, which includes Plaintiff.

Plaintiff cannot proceed by way of Section 1983 claim against CDCR, and the claim must be dismissed. CDCR is not a "person" subject to suit under Section 1983. See Brown v. California Dep't

of Corr., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies … are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute."). Thus, the Eleventh Amendment creates a jurisdiction bar to private actions for damages and injunctive relief against states in federal court, and CDCR is subject to dismissal. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Quern v. Jordan, 440 U.S. 332, 338-340 (1979); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by the Eleventh Amendment immunity.)

        5.        <u>State Law Claims</u>

Plaintiff seeks liability against Defendants Yates, Igbinosa, Kelso and Cate based on California Government Code section 830 and 835, for transferring Plaintiff into the endemic area of PVSP without proper warning, creating a danger condition as defined by California law.

As Plaintiff was previously advised, in order to pursue his state law claims (assuming he can state a cognizable constitutional violation to exercise supplemental jurisdiction over such claims-28 U.S.C. § 1367), he must demonstrate compliance with the California Tort Claims Act (CTCA). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claim Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4, 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). A Plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4. The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 12 Cal.3d 447, 455 (1974).

Despite the prior advisement that compliance with the CTCA is necessary in order to state a cause of action, Plaintiff has failed to demonstrate that he has complied with CTCA's presentation

requirement, and these claims are subject to dismissal. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1239 (2004).

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed October 3, 2013, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **December 16, 2013**

UNITED STATES MAGISTRATE JUDGE