UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK J. KELSO, et al.,<br><br>　　　　　Defendants. | Case No.: 1:10-cv-01184-LJO-SAB (PC)<br><br>ORDER OVERRULING OBJECTIONS AND DENYING MOTION FOR RECONSIDERATION<br><br>[ECF No. 67] |

　　　　Plaintiff Charles T. Davis is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On January 8, 2014, Plaintiff filed objections to and a request for reconsideration of the Magistrate Judge's order screening the first amended complaint and ordered Plaintiff to file a second amended complaint.  (ECF No. 66.)

　　　　The Federal Magistrates Act[1] provides two separate standards for review of Magistrate Judge orders by a District Judge.  On nondispositive matters, a Magistrate Judge's order is reviewed to ascertain whether it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, n.4 (9th Cir. 2010).  "The district court reviews 'the magistrate's order for clear error.'"  Grimes v. City and County

---

[1] The Federal Magistrates Act was codified at 28 U.S.C. §§ 604, 631-639 and 18 U.S.C. §§ 3060, 3401 and was implemented by Fed. R. Civ. P. 72-75.

of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Maisonville v. F2 America, Inc., 902 F.2d 746, 748 (9th Cir. 1990). "Pretrial orders of a magistrate under 636(b)(1)(A) are reviewable under the 'clearly erroneous contrary to law' standard; they are not subject to de novo determination. . . ." Grimes v. City and County of San Francisco, 951 F.2d at 241 (quoting Merritt v. International Broth. Of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981). A District Court's denial of reconsideration of a Magistrate Judge's nondispositive order is reviewed under that same standard. Osband v. Wooford, 290 F.3d 1036, 1041 (9th Cir. 2002) (citing Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir. 1985). The decision as to whether a Magistrate's decision was clearly erroneous or contrary to law is "well within the discretion of the district court." Thornton v. McClatchy Newspaper, Inc., 261 F.3d 789, 799 (9th Cir. 2001) (citing Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989)). Further, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241 (citing United States v. BNS, Inc., 858 F.2d 456, 464 (9th Cir. 1988)).

As stated in the Court's December 16, 2013, screening order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A(a), and must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915A(b)(1), (2). The Magistrate Judge properly screened Plaintiff's first amended complaint and found that Plaintiff failed to state any cognizable claims for relief, and Plaintiff was given leave to further amend. Plaintiff has not shown that the Magistrate Judge's order dismissing the first amended complaint with leave to amend for failure to state a cognizable claim in light of the pleading standards set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) was clearly erroneous or contrary to law. Plaintiff's mere disagreement with the Court's ruling, which is all that is shown in the instant motion, is not grounds for reconsideration.

///

///

1 ///

2     Accordingly, it is HEREBY ORDERED that Plaintiff's objections are overruled, and his
3 motion for reconsideration is DENIED.
4 IT IS SO ORDERED.

5     Dated: **January 22, 2014**          **/s/ Lawrence J. O'Neill**
6                                                                                          UNITED STATES DISTRICT JUDGE