UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>CLARK J. KELSO, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01184-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS AND FINDING CERTAIN CLAIMS COGNIZABLE<br><br>[ECF No. 68] |

Plaintiff Charles T. Davis is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's second amended complaint, filed January 8, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Receiver Clark J. Kelso, Secretary of the California Department of Corrections and Rehabilitation (CDCR) Matthew Cate, Warden James A. Yates, Chief Medical Officer Felix Igbinosa, as Defendants.

Plaintiff alleges that he was transferred to Pleasant Valley State Prison (PVSP) without any prior warning that it was within the "endemic area" containing Valley Fever[1] and that he should take precautions. Plaintiff is African -American and suffers from a "chronic" medical condition and claims that PVSP was informed that it needed to move inmates, such as Plaintiff, away from the endemic area.

---

[1] Valley Fever, also known as coccidioidomycosis, is "'an infectious disease caused by inhalation of a fungus (Coccidioides) that lives in the soil of dry, low rainfall areas. It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds. There is no direct person-to-person transmission of infection.'" Plata v. Brown, No. C01-1351 TEH, 2013 WL 3200587, *2 (N.D. Cal. June. 24, 2013).

1       Plaintiff contends the Grand Jury Reports (GJR) sent to Defendants Kelso, Yates, and Cate, expressly stated that African Americans are at a higher risk of Valley Fever compared to other nationalities. The GJR also found that inmates with diabetes have a 95% risk of contracting Valley Fever or that the risk is three times greater than non-chronic inmates.

      Because Plaintiff was not warned of Valley Fever prior to his transfer to PVSP, or upon reception, he immediately filed a prison appeal to Warden James A. Yates and Felix Igbinosa requesting a transfer to prevent contracting Valley Fever. Plaintiff exhausted the administrative appeal process to the third level of review and his request was disregarded despite the fact that he was a high-risk African-American inmate with a chronic medical condition.

      After Defendants Yates and Igbinosa failed to order Plaintiff's transfer, he wrote letters directly to both of them informing them of the appeal number, and his need for transfer due to his medical condition. He then wrote directly to Defendants Cate and Kelso informing both of them of the appeal and request to be transferred out of the endemic area before contracting Valley Fever. Neither Defendant did anything in response.

      Since Plaintiff was not transferred out of PVSP as requested, he contracted Valley Fever which caused him to become very weak and tired, and he suffered extreme and severe physical pain in his joints and spasms throughout his body, extreme coughing, aggravation of his back, legs, and foot pain, emotional distress, skin discoloration, itching, and inability to sleep at night.

      The GJR informed CDCR that their practice of transferring inmates who have never been exposed to Valley Fever into the endemic area subjected them to an increased risk because their immunity was too weak as compared to those who live in the surrounding areas and have already developed an immunity to the disease. Notwithstanding this information, the CDCR continued to, and is continuing to transfer, unsuspecting inmates into the endemic areas that have chronic medical conditions without warning.

      In addition, during Plaintiff's stay at PVSP, before his exit, he personally witnessed prison yard personnel direct prisoner workers on the yard crew to routinely disturb the dirt by digging holes and taking no precautions to stop the spread of fungus by watering the ground or using anything else to stop its spread. Many times inmates have to lie face down in the dirt on the track when an alarm is

activated. The GJR recommended ground cover to prevent the spread of the fungus but this is not done in practice.

## III.

## DISCUSSION

### A.     Deliberate Indifference/Cruel and Unusual Punishment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the "minimal civilized measure of life's necessities," and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard [] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

### 1.     Defendants Cate and Yates

Based on the allegations in Plaintiff's second amended complaint, he states a cognizable claim for deliberate indifference to conditions of confinement by allowing Plaintiff to be transferred and housed at PVSP where he contracted Valley Fever.

### 2.     Defendants Kelso and Igbinoza

Plaintiff contends that Defendants Kelso (Health Care Receiver) and Igbinoza (Chief Medical Officer) are liable for his transfer to PVSP where he contracted Valley Fever.

Plaintiff has not alleged facts which demonstrate that Defendants Kelso and Igbinoza were responsible for the issuance of the valley fever exclusion policy. There is simply no allegations to support Plaintiff's claim that Defendants Kelso and Igbinoza were responsible for transfer decisions or any CDCR policy. Accordingly, Plaintiff fails to state a claim for relief against Defendants Kelso and Igbinoza. In light of the fact that the Court previously notified Plaintiff of the deficiencies and granted

leave to amend, further amendment is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

### B.   California Government Code Section 835

Plaintiff seeks liability against Defendants pursuant to California Government Code section 835.

Under California law,

A public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Cal. Gov't. Code § 835.

First, Plaintiff has not named and cannot name a public entity in this action. Second, a public entity, with certain exceptions not applicable here, is not liable for an injury to any prisoner that was caused by a dangerous condition of public property. Cal. Gov't Code § 844.6; Hart v. Orange County, 254 Cal.App.2d 302, 306 (1967). Accordingly, Plaintiff fails to state a cognizable claim under California Government Code section 835.

## IV.
## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENED that:

1. This action shall proceed against Defendants Cate and Yates for deliberate indifference to conditions of confinement by allowing by allowing Plaintiff to be transferred and housed at PVSP where he contracted Valley Fever;

      2. Defendants Kelso and Igbinosa and Plaintiff's state law claim be dismissed for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __October 2, 2014__

                                                    UNITED STATES MAGISTRATE JUDGE