UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARK J. KELSO, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-01184-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 76] |

Plaintiff Charles T. Davis is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 13, 2014, the Magistrate Judge's Findings and Recommendations, filed October 3, 2014, was adopted in full, and it was ordered that this action proceed against Defendants Cate and Yates for deliberate indifference and all other claims and defendants were dismissed from the action for failure to state a cognizable claim for relief. (ECF No. 74.)

Now pending before the Court is Plaintiff's motion for reconsideration, filed November 26, 2014. The Court construes Plaintiff's motion as a request for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 60(b)(6), referred to as the catch-all provision, the Court may, upon motion, relieve a party from a final order or judgment. As the moving party, Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from

proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations and citation omitted). The "Rule is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations and citation omitted).

Plaintiff disagrees with the Court's decision and seeks reconsideration of the order dismissing defendants Kelso and Igbinosa and Plaintiff's state law claim. In screening Plaintiff's second amended complaint, the Court carefully considered Plaintiff's allegations, construed the allegations in light of Plaintiff's pro se status, and explained in a detailed order why the complaint failed to state certain cognizable claims. Plaintiff provides no basis to modify the Court's November 13, 2014, order, and Plaintiff's disagreement with the Court's decision is not grounds for reconsideration. Accordingly, Plaintiff's motion for reconsideration must be DENIED.

IT IS SO ORDERED.

Dated: **December 11, 2014**          **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE