UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>JAMES A. YATES and MATTHEW CATE,<br><br>Defendants. | No. 1:10-cv-01184-DAD-SAB<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF<br><br>(Doc. Nos. 85, 91) |

Plaintiff is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. In his second amended complaint, plaintiff claims the defendants were deliberately indifferent to a serious, known risk to his health by allowing him to be transferred to and housed at Pleasant Valley State Prison ("PVSP") despite the significant risk of him contracting Valley Fever. Plaintiff alleges he did contract that disease.

On November 12, 2015, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss the complaint be granted on qualified immunity grounds. (Doc. No. 91.) Those findings and recommendations were served on the parties and contained notice that objections thereto were to be filed within thirty days of service. Plaintiff filed objections on December 14, 2015 (Doc. No. 93), and defendants filed a response thereto on December 30, 2015 (Doc. No. 94). *See* Local Rule 304(b), (d).

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file and for the reasons discussed below, the undersigned declines to adopt the findings and recommendation.

**BACKGROUND**

In summary, in his second amended complaint plaintiff alleges as follows. At the time this action was initiated in July of 2010, plaintiff was an inmate at PVSP, which is within an "endemic area" containing Valley Fever.[1] (Doc. No. 68 at 3.) Plaintiff is African-American, and suffers from diabetes and "fecal and urin[ary] incontinence as a result of left lumbar radiculopathy and sensory motor neuropathy" placing him at a significantly higher risk than others of contracting Valley Fever. (*Id.* at 4.) Plaintiff was transferred to PVSP, despite the defendants' knowledge that he was at a significantly higher risk of being infected with Valley Fever at PVSP due to his race and the other medical conditions from which he suffered. (*Id.* at ¶¶ 3–7.) As a result of various investigations and reports received by them, defendants were aware of the particularly high risk posed to plaintiff of contracting the disease at PVSP because of the conditions at that prison and his susceptibility due to his race and medical condition. (*Id.*) Nonetheless, defendants did nothing in response to plaintiff's requests for a transfer to a different institution due to his medical condition and he contracted Valley Fever at PVSP as a result. According to plaintiff, contracting the disease caused him

> to become very weak and more tired, suffered extreme and sever[e] physical pain in my joints and spasms all over my body, extreme coughing, aggravation of my back, legs, and foot pain, emotional distress, skin discoloration, itching, and inability to sleep through the night.

(*Id.* at 5.) The disease continues to aggravate the other medical conditions inflicting plaintiff and

---

[1] Valley Fever, also known as coccidioidomycosis, is

> an infectious disease caused by inhalation of a fungus (Coccidioides [immitis]) that lives in the soil of dry, low rainfall areas. It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds. There is no direct person-to-person transmission of infection.

*Plata v. Brown*, No. C01-1351-THE, 2013 WL 3200587, at *2 (N.D. Cal. June 24, 2013).

he continues to suffer from Valley Fever. (*Id.*) Plaintiff seeks both monetary damages and injunctive relief.

This case was screened by the assigned magistrate judge pursuant to 28 U.S.C. § 1915A, and plaintiff's Eighth Amendment claims were permitted to proceed against defendants CDCR Secretary Cate and PVSP Warden Yates, while two other named defendants[2] were dismissed from the suit. (Doc. Nos. 73 and 74.) Following service of process, defendants Cate and Yates filed a motion to dismiss plaintiff's second amended complaint on two grounds: 1) that plaintiff failed to allege that defendants personally caused the alleged constitutional violation; and 2) that the defendants are entitled to qualified immunity in this case. (Doc. No. 85.) As indicated above, the magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss be granted on the grounds that they are entitled to qualified immunity. (Doc. No. 91.)[3]

**ANALYSIS**

*1. Qualified Immunity*

In various decisions both the Supreme Court and the Ninth Circuit have concluded that exposure to hazardous environmental conditions in a prison, including toxic substances, dangerous work environments, temperature extremes, dangerous diseases, and more, can form the basis of an Eighth Amendment conditions of confinement claim. *See Helling v. McKinney*, 509 U.S. 25, 28–29 (1993) (upholding Eighth Amendment claim based upon exposure to tobacco smoke); *Morgan v. Morgensen*, 465 F.3d 1041, 1047 (9th Cir. 2006) (holding that it was clearly established law that a "safety hazard in an occupational area" violated prisoner's Eighth Amendment rights); *Keenan v. Hall*, 83 F.3d 1083, 1089–90 (9th Cir. 1996) (concluding that deprivation of outdoor exercise, excessive noise and lighting, lack of ventilation, inadequate

---

[2] The dismissed defendants were court appointed Health Care Receiver Clark Kelso and PVSP Chief Medical Officer Felix Igbinosa.

[3] Because the findings and recommendations concluded dismissal was appropriate on qualified immunity grounds, defendants' argument that plaintiff had failed to adequately allege they personally caused him to suffer the claimed constitutional violation was not addressed therein. (Doc. No. 91 at 4.)

3

access to basic hygiene supplies, and inadequate food and water were sufficient to state an Eighth Amendment claim); *Wallis v. Baldwin*, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (noting asbestos exposure could serve as the basis for an Eighth Amendment claim); *Kelley v. Borg*, 60 F.3d 664, 666–67 (9th Cir. 1995) (holding that the law was sufficiently clearly established to allow an Eighth Amendment claim for failing to remove inmate from cell where he was exposed to unidentified "fumes" which rendered him unconscious to proceed); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (noting inadequate heat can permit Eighth Amendment claim). This principle is also well-established by the decisions of other circuit courts. *See, e.g.*, *Hinojosa v. Livingston*, 807 F.3d 657, 669 (5th Cir. 2015) (identifying "the well-established Eighth Amendment right not to be subjected to extremely dangerous temperatures without adequate ameliorative measures"); *Powers v. Snyder*, 484 F.3d 929, 931 (7th Cir. 2007) (exposure of prisoner to hepatitis or other serious diseases can state claim under Eighth Amendment); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (noting that "[a]ny number of opinions" demonstrate that environmental conditions such as flooding and exposure to blood and feces in cells can form the basis of an Eighth Amendment claim); *Atkinson v. Taylor*, 316 F.3d 257, 268–69 (3d Cir. 2003) (collecting cases from the Second, Fifth, Sixth, Seventh, and Eighth Circuits concerning exposure to environmental tobacco smoke); *DeSpain v. Uphoff*, 264 F.3d 965, 979 (10th Cir. 2001) (concluding the law was sufficiently clearly established to permit Eighth Amendment claims concerning cells flooded with sewage to proceed); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (exposure to human waste can state Eighth Amendment claim because it "carries a significant risk of contracting infectious diseases such a Hepatitis A, shigella, and others"); *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (Eighth Amendment claim can be based on "showing that the inmate was exposed to unreasonably high levels of environmental toxins"); *Warren v. Keane*, 196 F.3d 330 (2d Cir. 1999) (recognizing Eighth Amendment claims for exposure to both second-hand smoke and asbestos); *LaBounty v. Coughlin*, 137 F.3d 68, 74 (2d Cir. 1998) ("[A] reasonable person would have understood that exposing an inmate to friable asbestos could violate the Eighth Amendment."); *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (exposure to raw sewage can state Eighth

Amendment claim); *Henderson v. DeRobertis*, 940 F.2d 1055, 1059 (7th Cir. 1991) ("The right of prisoners to adequate heat and shelter was known in 1982."); *DeGidio v. Pung*, 920 F.2d 525, 531–33 (8th Cir. 1990) (upholding Eighth Amendment claims based on exposure to tuberculosis); *see also Johnson v. Epps*, 479 Fed. App'x 583, 590–91 (5th Cir. 2012) (exposure to unsterilized barbering instruments potentially contaminated with HIV-positive blood sufficient to state Eighth Amendment claim); *Loftin v. Dalessandri*, 3 Fed. App'x 658, 660–63 (10th Cir. 2001) (recognizing that an inmate could state an Eighth Amendment claim for exposure to tuberculosis). In short, a reasonable prison official knows the Constitution does not permit them to knowingly subject inmates to environmental conditions that pose a serious risk of harm, to their health or otherwise, without seeking to abate those risks.

The judges of the Eastern District of California, where almost all cases involving Eighth Amendment claims based upon exposure to Valley Fever emanate from, have differed on the proper application of qualified immunity in Valley Fever cases. *Compare Allen v. Kramer*, No. 1:15-cv-01609-DAD-MJS, 2016 WL 4613360, at *7–9 (E.D. Cal. Aug. 17, 2016) *with Jackson v. Brown*, 134 F. Supp. 3d 1237, 1248 (E.D. Cal. 2015).[4] Nonetheless, the undersigned concludes that it is inappropriate to hold at the pleading stage—i.e., no matter what the evidence might show—that a prison official could not have reasonably known he was violating the Constitution by intentionally and knowingly exposing a high-risk inmate to an increased risk of contracting Valley Fever. In this regard, a key issue in Eighth Amendment claims such as this one is the level of knowledge that defendants possessed about both the existence and seriousness of the harm which faced plaintiff. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of

---

[4] In part, due to these seemingly divergent views on this issue, the undersigned has delayed issuing this and several other orders in cases involving assertion of a qualified immunity defense to Eighth Amendment claims based upon exposure to Valley Fever while awaiting an anticipated Ninth Circuit decision addressing this issue. In this regard, the court notes that oral argument was held on May 17, 2017, before the Ninth Circuit in the consolidated matter of *Hines v. Youseff, et al.*, Nos. 15-16145, 15-17076, 15-17155, 15-17201 (9th Cir. 2015), in which the issue is presented. However, given the lapse of time since that case was argued with no decision having been rendered, the undersigned has concluded that any further delay in these proceedings is unwarranted.

confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *Morgan*, 465 F.3d at 1047 (noting that the inmate had alerted prison officials to the hazardous condition but had been ordered to return to work anyway); *Wallis*, 70 F.3d at 1077 (highlighting specific evidence showing the defendants "knew of the existence of and dangers posed by asbestos in the [prison's] attics").

It is well-established that Valley Fever can pose an objectively serious health risk, at least to certain individuals. As the Ninth Circuit has previously recognized:

> According to the Center for Disease Control and Prevention ("CDC"), "[s]ymptomatic coccidioidomycosis [Valley Fever], which occurs in approximately 40% of all infections, has a wide clinical spectrum, including mild influenza-like illness, severe pneumonia, and disseminated disease." The disseminated form of the disease—that is, when the fungus spreads from the lungs to the body's other organs—is the most serious. Disseminated cocci may cause miliary tuberculosis, bone and joint infections (including osteomyelitis), skin disease, soft tissue abscesses, and meningitis.

*Edison v. United States*, 822 F.3d 510, 514–15 (9th Cir. 2015); *see also Zurich Ins. Co. v. Sigourney*, 278 F.2d 826, 828 (9th Cir. 1960) (noting there was "no doubt" the appellee was "now totally disabled from a disease known as occidioidomycosis—called on the West Coast 'San Joaquin Valley Fever'"). If defendants knew of a serious health risk to plaintiff and nevertheless subjected him to it without a sufficient penological justification—for example, simply because the Supreme Court, Ninth Circuit or district court had not yet ordered them to abate this specific danger—it is doubtful in the undersigned's view that they could avail themselves of the shield of qualified immunity. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) ("We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."); *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("Officials can still be on notice that their conduct violates established law even in novel factual circumstances."); *Hamby v. Hammond*, 821 F.3d 1085, 1095 (9th Cir. 2016) ("[A] plaintiff need not find a case with identical facts in order to survive a defense of qualified immunity."); *Serrano v. Francis*, 345 F.3d 1071, 1076–77 (9th Cir. 2003).

In this case, plaintiff alleges he belonged to groups which defendants knew were at an increased risk of contracting coccidioidomycosis, and that the defendants transferred him to

PVSP despite knowing about outbreaks of the disease at that prison. (Doc. No. 68 at 3.) Plaintiff alleges he specifically requested a transfer from the defendants away from PVSP due to the increased risks posed to his health by Valley Fever in light of his at-risk status, and that defendants failed to act on his request. (*Id.* at 5.) Further, plaintiff alleges the defendants responded to his inmate appeal in which he presented these allegations, indicating they were subjectively aware of his complaints and concerns. (*Id.* at 7, 9.) While it may emerge through the course of these proceedings that one or more of these allegations are not supported by the evidence, the allegations provide a sufficient basis upon which to deny the invocation of qualified immunity at this stage of these proceedings. *See Keates v. Koile*, 883 F.3d 1228, 1240 (9th Cir. 2018) ("Our denial of qualified immunity at this stage of the proceedings does not mean that this case must go to trial" because "[o]nce an evidentiary record has been developed through discovery, defendants will be free to move for summary judgment based on qualified immunity.") (quoting *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016)). Defendants' motion to dismiss on qualified immunity grounds will therefore be denied.

### 2. *Causal Relationship*

Defendants also move to dismiss plaintiff's second amended complaint, arguing there is no causal connection alleged between the actions of the named defendants and any constitutional violation from which plaintiff suffered. (Doc. No. 85-1 at 3–5.) Defendants are correct that "[t]here is no *respondeat superior* liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680–81 (9th Cir. 1984)). Here, however, plaintiff's allegation against defendant Yates include the allegation that plaintiff appealed to defendant Yates for a transfer away from PVSP after alerting the defendant to his particular health concerns, and that although the inmate appeal was noted by the defendant, no transfer or other measures to protect plaintiff's health were undertaken. Construing the allegations of plaintiff's second amended complaint in the light most favorable to plaintiff, knowledge of a serious risk to an inmate's health combined with a failure to act to ameliorate or attend to that risk provides a sufficient basis to state a claim that defendant Yates demonstrated deliberate indifference to plaintiff's serious medical needs. *See Iqbal*, 556 U.S. at

1  678; *Twombly*, 550 U.S. at 570; *Jett*, 439 F.3d at 1096; *Cahill*, 80 F.3d at 337–38; *see also*

2  *Johnson v. Pleasant Valley State Prison*, 505 Fed. App'x 631, 632 (9th Cir. 2013) ("Given the

3  low threshold requirements of 28 U.S.C. § 1915A, dismissal of Johnson's action was improper at

4  this early stage because Johnson alleged that prison officials were aware that inmates' exposure to

5  [V]alley [F]ever posed a significant threat to inmate safety yet failed to take reasonable measures

6  to avoid that threat."); *Smith v. Schwarzenegger*, No. 09-15716, 393 Fed. App'x 518, at *1 (9th

7  Cir. Aug. 1, 2010) (noting that dismissal with prejudice of plaintiff's claim—that he was more

8  susceptible to contracting Valley Fever and that defendants were deliberately indifferent to his

9  serious medical needs by housing him at prisons in areas where Valley Fever is known to be

10  present—was improper, because it was "not beyond doubt that Smith could prove no set of facts

11  in support of his claims that would entitled [sic] him to relief") (citing *Helling*).[5]

12  Concerning defendant Cate, defense counsel notes that a supervisor may be held liable for

13  the constitutional violations of a "subordinate if the supervisor participated in or directed the

14  violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

15  Again, however, taking the allegations of plaintiff's second amended complaint as true and

16  construing them broadly, as the court must, plaintiff has alleged that he specifically informed

17  defendant Cate of the violation of his constitutional rights by letter following defendant Yates's

18  failure to transfer plaintiff from PVSP, and defendant Cate too took no steps to remedy the

19  constitutional violation. (Doc. No. 68 at 5, 9.) Such allegations are sufficient at the pleading

20  stage to causally link the defendants to the failure to transfer plaintiff to an institution that did not

21  pose a serious risk of medical harm to him.

22  *3. Injunctive Relief*

23  Plaintiff seeks injunctive relief or, in the alternative, a declaratory judgment, apparently

24  seeking to prevent other inmates who meet various exclusion criteria from being transferred to

25  /////

26  /////

---

[5] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36–3(b).

prisons within the Valley Fever endemic region. (Doc. No. 68 at ¶¶ 20–22.)[6]  A plaintiff seeking a permanent injunction must satisfy a four-factor test in order for the court to grant relief.

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Independent Training and Apprenticeship Program v. California Dept. of Indus. Relations*, 730 F.3d 1024, 1032 (9th Cir. 2013).

Here, it is unclear what injunctive relief plaintiff could possibly seek. Plaintiff alleges he has already contracted Valley Fever, which is chronic and for which there is no cure. (Doc. No. 68 at ¶ 8.) He does not allege he will contract it again, or that continued exposure will cause him further harm. It therefore appears that plaintiff alleges no injury that cannot be remedied by the award of money damages. *eBay Inc.*, 547 U.S. at 391. To the extent he has suffered harm by contracting Valley Fever, the harm has already occurred; he does not allege any future injury with which he is personally threatened necessitating the granting of equitable relief.

Plaintiff does state that, "because the issue of advanced 'warning' to inmates when they are being considered for transfer into an endemic area is not an issue raised in any class-action, and is an ongoing controversy that shows no sign of abating, I am entitled to an injunction, or in the alternative, a declaratory judgment under 28 U.S.C. section 2201."[7] (Doc. No. 68 at ¶ 22.) It therefore appears plaintiff raises his requests for injunctive and/or declaratory relief in order to

---

[6] Qualified immunity is inapplicable to claims for injunctive relief. *See al-Kidd*, 563 U.S. at 735 (noting "[q]ualified immunity shields federal and state officials from money damages"); *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) ("Claims for injunctive and declaratory relief are unaffected by qualified immunity.") (quoting *Malik v. Brown*, 16 F.3d 330, 335 n.4 (9th Cir. 1994)).

[7] The court will also exercise its discretion to decline to consider a claim for declaratory judgment against defendants. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995) (noting that 28 U.S.C. § 2201(a) is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant").

assert the rights of other inmates, in the hopes they not contract the same illness.  Of course, plaintiff generally has no standing to assert the rights of third parties.  *See Singleton v. Wulff*, 428 U.S. 106, 114 (1976) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party.").  Plaintiff also may not represent a class of inmates in a putative class action.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) ("As the district court accurately pointed out, courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."); *Claxton v. Ryan*, No. CV 11–934–PHX–GMS (ECV), 2011 WL 2533554, at *1–2 (D. Ariz. June 27, 2011) (noting that pro se plaintiffs "may not appear as an attorney for other persons in a class action"); *Reed v. Board of Prison Terms*, No. C 03–2917 MMC PR, 2003 WL 21982471, at *1 (N.D. Cal. Aug. 8, 2003) ("Pro se prisoner plaintiffs may not bring class actions because they are not adequate class representatives able to fairly represent and adequately protect the interests of the class.").

## CONCLUSION

For the foregoing reasons:

1. The undersigned declines to adopt the findings and recommendations issued November 12, 2015 (Doc. No. 91);
2. Defendants' motion to dismiss filed March 30, 2015 (Doc. No. 85) is denied;
3. Plaintiff's claims for injunctive relief and declaratory judgment are dismissed; and
4. This case is referred back to the assigned magistrate judge for scheduling and further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __September 20, 2018__      *Dale A. Drozd*
                                                   UNITED STATES DISTRICT JUDGE