UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants. | No. 1:10-cv-01184-DAD-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ON QUALIFIED IMMUNITY GROUNDS<br><br>(Doc. Nos. 85, 96) |

　　　　Plaintiff Charles T. Davis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 21, 2018, the undersigned issued an order denying a motion to dismiss this action on qualified immunity grounds brought on behalf of defendants James A. Yates and Matthew Cate. (Doc. No. 96.)

　　　　On October 18, 2018, defendants filed an interlocutory appeal to the Ninth Circuit seeking review of that order. (Doc. No. 100.) On June 13, 2019, the Ninth Circuit vacated this court's order and remanded the action with instructions to grant defendants' motion to dismiss in light of the intervening decision in *Hines v. Youseff*, 914 F.3d 1218 (9th Cir. 2019), *cert. denied sub*

/////

/////

/////

1

*nom. Smith v. Schwarzenegger*, No. 18-1590, 2019 WL 4921481 (U.S. Oct. 7, 2019).[1] (Doc. No. 103.)

In *Hines*, a consolidated appeal, the plaintiffs challenged the constitutionality of housing inmates in a hyperendemic area for Valley Fever under the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's Equal Protection Clause. 914 F.3d at 1226–27. The Ninth Circuit defined the right at issue in the consolidated appeals before it as "the right to be free from heightened exposure to Valley Fever spores." *Id.* at 1228. It then concluded that such a constitutional right was not clearly established at the time the defendant officials acted.[2]

The undersigned pauses to note that in *Hines*, the Ninth Circuit did not decide whether exposing inmates to a heightened risk of Valley Fever violates or could ever violate the Eighth Amendment. *Id.* at 1229 ("The courts below did not decide whether exposing inmates to a heightened risk of Valley Fever violates the Eighth Amendment. Neither do we.").[3] Instead, the Ninth Circuit, proceeded "straight to the second prong of the qualified immunity analysis:

/////

/////

/////

---

[1] The Ninth Circuit's June 13, 2019 order in this case was given effect via the mandate issued on July 5, 2019. (Doc. No. 104.) However, on July 12, 2019, the Ninth Circuit recalled its mandate for the limited purpose of permitting plaintiff to file a petition for rehearing. (Doc. No. 105.) After reviewing his petition, the Ninth Circuit denied plaintiff's petition for rehearing on November 5, 2019 and issued a new mandate on November 14, 2019. (Doc. Nos. 107, 108.)

[2] According to the dockets in each of the fourteen cases on consolidated appeal and the operative complaints in those cases, the time period at issue before the Ninth Circuit in *Hines* appears to be no broader than between 2003 and 2014. Therefore, the Ninth Circuit conclusion that the right of prisoners, including those at a heightened risk of contracting Valley Fever, to be free from exposure to Valley Fever spores was not clearly established at the time the defendant officials acted is limited to that time period within which plaintiff's claim here also falls. *See Hines*, 914 F.3d at 1230 ("We therefore conclude that *when the officials acted*, existing Valley Fever cases did not clearly establish that they were violating the Eighth Amendment.") (emphasis added).

[3] Indeed, the Ninth Circuit acknowledged that case law with respect to such a constitutional right was perhaps developing, but not yet clearly established. *Hines*, 914 F.3d at 1230.

whether a right to not face a heightened risk was 'clearly established' at the time" the officials in the cases before the court had acted.[4] *Id.*

Therefore, as directed by the Ninth Circuit's June 13, 2019 order, the undersigned will grant defendants' motion to dismiss the complaint in this action on the grounds that the defendants are entitled to qualified immunity in this case.

Accordingly:

1. Defendants' motion to dismiss (Doc. No. 85) is granted;
2. In keeping with the Ninth Circuit's decision in *Hines*, defendants are entitled to qualified immunity with respect to plaintiff's deliberate indifference claim based on his alleged exposure to Valley Fever;

/////

---

[4] The court in *Hines* also chose to address, at some length, whether the alleged constitutional violation before it was so clear or obvious that no case specifically so holding was required. *See Hines*, 914 F.3d at 1230. Such "obvious" cases have been found to be extremely rare. *See District of Columbia v. Wesby*, ___U.S.___, ___, 138 S. Ct. 577, 590 (2018) ("Of course, there can be the rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances."); *West v. Caldwell*, 931 F.3d 978, 982–83 (9th Cir. 2019); *Schneyder v. Smith*, 653 F.3d 313, 330 (3d Cir. 2011) ("[T]his is one of those exceedingly rare cases in which the existence of the plaintiff's constitutional right is so manifest that it is clearly established by broad rules and general principles."); *see also Hope v. Pelzer*, 536 U.S. 730, 734–35 (2002). It seems apparent from the decision's statement of facts that the court in *Hines* did not view the cases before it to be of that rare variety. *See Hines*, 914 F.3d at 1223–26. Nonetheless, after concluding that the claims were not based upon any clearly established right, the court chose to also explain that there was no obvious or clear constitutional violation presented because: (1) since 2006, California prison officials' actions were supervised by a federal Receiver, "appointed by the federal court to assure Eighth Amendment compliance" and who "actively managed the state prison system's response to Valley Fever"; and (2) there was no evidence that the risk of Valley Fever is one that society is not prepared to tolerate because millions of people accept that risk by voluntarily living in California's Central Valley. *Id.* at 1230–31. Whether this latter aspect of the decision in *Hines* is dicta is not relevant to this court's consideration of the pending motion to dismiss. However, this portion of the *Hines* opinion appears not to have been based solely on the record before the court since the district court had dismissed the complaints, not granted summary judgment, on qualified immunity grounds. Moreover, by emphasizing that the plaintiffs had not claimed that state officials defied the orders of the Receiver, and that officials could have therefore reasonably believed that their actions were constitutional so long as they complied with such orders, 914 F.3d at 1231, the opinion in *Hines* suggests that if, for example, officials were to fail to comply with such orders or if the receivership were terminated, the qualified immunity analysis in cases involving Valley Fever based claims under the Eighth Amendment may be different.

3. Plaintiff's Eighth Amendment claim against defendants based on exposure to Valley Fever is dismissed with prejudice on qualified immunity grounds; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**November 19, 2019**__  _____
UNITED STATES DISTRICT JUDGE